UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA PABON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: |
| | ) |
| COMMERCIAL RECOVERY | ) |
| SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

ANGELA PABON (Plaintiff), by and through his attorneys, the LAW OFFICES OF MATTHEW W. KIVERTS, alleges the following against COMMERCIAL RECOVERY SYSTEMS, INC. (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Illinois, and therefore, personal jurisdiction is established.

1

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

6. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

7. Plaintiff is a natural person residing in the City of Skokie, County of Cook, and State of Illinois.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with its corporate office located in the City of Dallas, County of Dallas, and State of Texas.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant places collection calls to Plaintiff seeking and demanding payment on an alleged Citibank credit card debt.

13. Defendant places collection calls to Plaintiff's cellular telephone.

14. Defendant, on or about November 29, 2012, placed a collection call to Plaintiff.

15. Plaintiff, on or about November 29, 2012, answered a collection call from Defendant and spoke with an unidentified female collection agent, who asked Plaintiff to confirm her identity.

2

16. On or about November 29, 2012, Defendant's unidentified female collection agent told Plaintiff she was calling her about a Citibank credit card debt that she owed, but failed to identify Defendant by name and failed to disclose to Plaintiff that Defendant was a debt collector.

17. On or about November 29, 2012, Defendant's unidentified female collection agent told Plaintiff that she had tried to reach her many times, but when asked by Plaintiff when those attempts were made, Defendant's unidentified female collection agent refused to answer Plaintiff's question.

18. On or about November 29, 2012, Defendant's unidentified female collection agent, in response to Plaintiff's repeated requests for information about the alleged debt, told Plaintiff that she had an affidavit saying that she (Plaintiff) refused to pay the debt.

19. On or about November 29, 2012, Plaintiff, in response to Defendant's allegations of the existence of an affidavit, informed Defendant that the debt is not hers, that she was the victim of identity theft, and demanded to see something in writing from Defendant that allegedly shows her signature on the credit application, to which Defendant's unidentified collection agent told Plaintiff angrily that it was not her job to do that, and told Plaintiff that if she did not pay, Defendant would garnish her wages.

20. On or about November 29, 2012, Plaintiff, in response to the threats of wage garnishment by Defendant's unidentified collection agent, attempted to ask more questions, but Defendant's unidentified collection agent abruptly hung up on Plaintiff.

21. On or about December 17, 2012, Defendant placed a collection call to Plaintiff's home telephone and one of its collection agents, who identified herself as "Kimberly Smith", told Plaintiff that she was calling from Citibank and that she (Plaintiff) owed a debt.

22. On or about December 17, 2012, one of Defendant's collection agents, while on the telephone with Plaintiff, failed to identify the Defendant by its true/correct name and failed to disclose to Plaintiff that Defendant is a debt collector and any information gathered would be used for that purpose.

23. Defendant has not sent, and as of January 2, 2013, Plaintiff has not received, a thirty (30) day validation notice from Defendant.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff re-alleges and incorporates by reference herein, paragraphs 1-23.

25. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d(6) of the FDCPA by placing collection calls to Plaintiff that fail to properly identify Defendant by name and disclose Defendant's identity as a debt collector to Plaintiff.

    b. Defendant violated §1692e of the FDCPA by engaging in false, deceptive, misleading representations and means of debt collection by calling from unknown numbers and numbers that do not show up on her caller ID; by threatening to garnish Plaintiff's wages despite the fact that no judgment exists and Defendant does not have the legal authority to do so; and, by falsifying its identity in communications with Plaintiff by using a name other than its own.

    c. Defendant violated §1692e(2) of the FDCPA by falsely misrepresenting the character and legal status of the alleged debt when its collection agent threatened to garnish Plaintiff's wages, despite the fact that no judgment exists and Defendant does

not have the legal authority to garnish Plaintiff's wages; and, when that same collection agent falsely claimed to have a signed affidavit stating that Plaintiff refused to pay the alleged debt.

      d.      Defendant violated §1692e(3) of the FDCPA when one of its collection agents insinuated that she was an attorney when she threatened to garnish Plaintiff's wages and falsely proclaimed to have a signed affidavit.

      e.      Defendant violated §1692e(4) of the FDCPA when its collection agent threatened repeatedly to garnish Plaintiff's wages if she did not pay the alleged debt.

      f.      Defendant violated §1692e(5) of the FDCPA by threatening to garnish Plaintiff's wages, despite the fact that no judgment exists and Defendant does not have the legal ability or authority to garnish Plaintiff's wages.

      g.      Defendant violated §1692e(10) of the FDCPA by utilizing false and deceptive means in an attempt to collect the alleged debt from Plaintiff, when its collection agents repeatedly threatened Plaintiff with wage garnishment, falsely claimed to have an affidavit that states Plaintiff refused to pay the debt; and, by continually demanding payment on an alleged debt that Plaintiff repeatedly said is not hers, as she is the victim of identity theft, and refusing to send her anything in writing to prove that the debt is own that she legitimately/legally owes.

      h.      Defendant violated §1692e(11) of the FDCPA when its collection agent repeatedly failed to properly identify Defendant by name during the calls placed to Plaintiff; and, when its collection agent failed to identify Defendant as a debt collector and failed to provide the mini-Miranda warning: "this is an attempt to collect a debt…and all information will be used for that purpose."

      i.      Defendant violated §1692e(14) of the FDCPA by using a name other than its own in communication by phone with Plaintiff, in that on or about December 17, 2012, Defendant's collection agent identified herself as being with Citibank.

      j.      Defendant violated §1692f of the FDCPA by engaging in unfair and unconscionable means in an attempt to collect the alleged debt from Plaintiff when its collection agent repeatedly failed to identify itself (by name) and failed to identify Defendant as a debt collector; by threatening to garnish Plaintiff's wages; by falsely claiming to have a signed affidavit which states that Plaintiff refused to pay the debt; and, by continually demanding payment on an alleged debt and refusing to provide Plaintiff with any written proof that she owed that alleged debt after she requested it following disclosure to Defendant that her identity had been compromised and a denial that she incurred that debt.

      k.      Defendant violated §1692g of the FDCPA by failing to send Plaintiff a thirty (30) day validation notice within five (5) days of the initial communication it had with Plaintiff.

WHEREFORE, Plaintiff, ANGELA PABON, respectfully requests judgment be entered against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., for the following:

26. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

27. Statutory Damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

28. Actual damages;

29. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and,

30. Any other relief that this Honorable Court deems appropriate.

                      RESPECTFULLY SUBMITTED,

                      By: /s/ Matthew W. Kiverts
                      Matthew W. Kiverts
                      IL Bar No.: 6284437
                      LAW OFFICES OF
                      MATTHEW WILLIAM KIVERTS
                      27 N. Wacker Dr., Suite 401
                      Chicago, IL 60606
                      (312) 632-1017
                      Attorneys for Plaintiff

02/23/2013  09:18    847-674-7693                FEDEX OFFICE      3608                         PAGE  01

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS

Plaintiff, ANGELA PABON, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ANGELA PABON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

2-23-13
Date

ANGELA PABON

8